261511

STATE OF MICHIGAN

9TH CIRCUIT COURT—TRIAL DIVISION

THE PEOPLE OF THE
STATE OF MICHIGAN

   v                                                Files No. C03000897 FC

PATRICK KEVIN MISHALL,

       Defendant.

Jury Trial — Volume VI of IX

Before Hon. George R. Corsiglia P12239, Circuit Judge
(Visiting Judge from 48th Circuit, Presiding by Assignment)

Kalamazoo, Michigan—Tuesday, June 22, 2004

APPEARANCES:

| | |
|---|---|
| For the People: | Scott W. Brower P44951<br>Office of the Prosecuting Attorney<br>227 West Michigan Avenue<br>Kalamazoo, Michigan 49007<br>(269) 383-8900 |
| For the Defendant: | Andis Svikis P36039<br>1803 Whites Road<br>Kalamazoo, Michigan 49008<br>(269) 349-7692 |
| Recorded by: | Video recorded |
| Transcribed by: | Brenda K. Foley CER 4956<br>1400 Gull Road<br>Kalamazoo, Michigan 49048<br>(269) 385-6001 |

\* \* \* \* \*

679


FILED
JUL 0 1 2005
9th JUDICIAL CIRCUIT
COUNTY OF KALAMAZOO
KALAMAZOO, MICHIGAN

ENTERED

```
 1                          TABLE OF CONTENTS
 2   WITNESSES                                                    PAGE
 3        None
 4
 5   EXHIBITS
 6        None
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
                    (Tape No. B2004-037, 6-22-04, 14:07)
 1                  Kalamazoo, Michigan
 2                  Tuesday, June 22, 2004 - 2:07 p.m.
 3                  THE COURT:  All right.  The record should reflect
 4     that both counsel are present, the defendant, and the jury.
 5                  The record should further reflect that the jury has
 6     communicated to the Court with questions, and I'll read into
 7     the record those questions that were sent to the jury.  If I'm
 8     wrong about what this says, please correct me.
 9                  It says, we, the jury, have the following questions
10     regarding—which is abbreviated—crime scene Minute Mart:
11                  Number one, did all of the exterior doors have
12     deadbolts?
13                  Number two, were all deadbolts in a locked position
14     when KPS made their entry into the buildings?
15                  Number three, did all deadbolts require activation
16     by a key from outside—dash—inside of the building?
17                  And it's submitted by and signed by the jury
18     foreman.
19                  Is that—Did I correctly interpret what was sent to
20     me?
21                  (No audible response)
22                  And the record should indicate the jury has nodded
23     yes.
24                  The Court can't answer those questions for you.  You
25     must use your—You should confer with each other.  I let you
```

take notes. Review your notes; and, as I said, confer with each other and discuss those issues as to what you recall was testified to.

I would also urge you to review the evidence that you have with you, including the photographs. And if, after you doing all those things, you may find that the answers to those questions are in that. But, other than that, I cannot answer them for you.

So I would urge you to do those things. Talk over what—you know, what you recall. Those of you who took notes, review your notes; see what they may indicate. Look over all of the evidence, including the photographs. And by doing that you may get the answers that you have asked the Court.

So that's as far as the Court can give you any type of response to the questions you've sent to me.

So I would ask you then to go back and do those things. Continue your deliberations, and do your best to reach an agreement in this matter.

(At 2:10 p.m., jury exits courtroom and returns to jury room)

Do you have any objections to the Court's response, Mr. Brower?

MR. BROWER: No, your Honor.

MR. SVIKIS: No, your Honor.

THE COURT: We'll stand in recess then.

```
 1                    (At 2:11 p.m., court recessed)
 2                    (At 3:12 p.m., proceedings reconvened)
 3             All right.  The record should reflect that the jury
 4   has sent another communication to the Court dated this date at
 5   2:36 p.m.
 6             I'm not going to read into the record everything in
 7   that note because it discloses how the jury's voting stand.
 8   I've got to emphasize to you, don't disclose that to me.
 9   That's part of my instructions.  It's improper to disclose to
10   anybody outside of the jury room how your voting stands at any
11   time until a unanimous verdict is reached.
12             But it goes on to say we have a hung jury.  We have
13   tried to move from center the last four hours, signed by the
14   foreman.
15             You've deliberated since about a little—Shortly
16   before 3:00 you started yesterday, and we went till about 5:30
17   last night.  You came back here at 9:00 this morning and
18   deliberated through till noon and then back at 1:00 o'clock.
19   I feel that it's—Since this trial went for quite a few
20   days—four or five days—it's premature to determine that I have
21   a hung jury or that the court has a hung jury and a decision
22   can't be reached.
23             I'm going to ask you to return to the jury room and
24   resume your deliberations, and I hope that after further
25   discussions you'll be able to reach a verdict.
```

As you deliberate, please keep in mind the guidelines that I gave you earlier. Remember that it's very important that you have a—to remember that you have a duty to consult with each other and try and reach an agreement if you can do so without violating your own judgment.

As you know, to return a verdict you all have to agree on that verdict and it must represent the individual judgment of each of you. But I'd ask you that as you deliberate you should carefully and seriously consider each other's views and talk over your differences in a spirit of fairness and frankness.

There isn't any question that when you get a group of people together you're going to have differences of opinion. And it's important that you not only express your opinion but give the reasons and the facts on which you base it. Very often if you go through that process you can reason the matter out and come to an agreement that is acceptable to all of you.

So when you continue your deliberations, don't hesitate to rethink your own views and to change you opinion if you think and decide it was wrong. However, I would remind you that none of you should ever give up your honest beliefs about the weight and effect of the evidence only because of what your other jurors think or only for the sake of reaching an agreement.

```
 1              I think if you go through this process—Those of you
 2     who took notes, review those, share them with other people,
 3     review your collective recollections about the testimony and
 4     all of the exhibits that you've got in—with you in the jury
 5     room, that it is very possible that you can reach a unanimous
 6     verdict in this matter.
 7              So I'm going to ask you to go back to the jury room
 8     and continue your deliberations.
 9              We'll stand in recess then.
10              (At 3:16 p.m., jury exits courtroom to return to
11              jury room)
12              Any further—Do you have any objections or further
13     request, Mr. Svikis?
14              MR. SVIKIS:    No, your Honor.
15              THE COURT:    Mr. Brower?
16              MR. BROWER:    No, your Honor.
17              THE COURT:    All right.  We'll stand in recess.
18              (At 3:17 p.m., court recessed)
19              (At 5:01 p.m., proceedings reconvened)
20              Members of the jury, I'm going to recess this case
21     for this evening; but I'm going to have you continue your
22     deliberations tomorrow, and I'd ask you all to be back here at
23     9:00 o'clock.
24              While we're on this break from now on until tomorrow
25     morning, keep in mind what you've been told about discussing
```

```
 1    the case amongst yourselves or with anyone else, looking at
 2    any—looking or reading any news media reports.  It's important
 3    that you not subject yourself to those things.
 4              I would suggest as best you can while we're on
 5    recess this evening until tomorrow morning, you know,
 6    don't—you know, put this case out of your mind.  Do something
 7    that'll relax you and is recreational; and then come back here
 8    tomorrow morning refreshed and, hopefully, we'll get you
 9    closer to getting an agreement, if not reaching an agreement.
10              You know, it's important to everyone concerned in
11    this case—both the state and the defense—that a decision
12    been—be reached.  It's an extremely important case for
13    everybody concerned.  And, as you know, it's been a case that
14    has been around for quite some time.  So because of that it's
15    important that you continue your deliberations and try to
16    reach a—an agreement on all of the issues that you can all
17    accept.
18              So with that, we'll stand in recess till tomorrow
19    morning at 9:00 o'clock.
20              (At 5:03 p.m., jury exits courtroom)
21              Do either counsel have anything they want to—
22              MR. BROWER:    No, your Honor.
23              MR. SVIKIS:    No, your Honor.
24              THE COURT:    Okay.  We'll stand in recess then till
25    tomorrow morning at 9:00, gentlemen.
```

1      (At 5:04 p.m., proceedings adjourned)

687