26151

1       STATE OF MICHIGAN

2       9TH CIRCUIT COURT—TRIAL DIVISION

3

4   THE PEOPLE OF THE
    STATE OF MICHIGAN

5
        v                                    Files No. C03000897 FC
6
    PATRICK KEVIN MISHALL,

7
            Defendant.

8

9
        Jury Trial — Volume VII of IX

10
        Before Hon. George R. Corsiglia P12239, Circuit Judge
11      (Visiting Judge from 48th Circuit, Presiding by Assignment)

12          Kalamazoo, Michigan—Wednesday, June 23, 2004

13

14
    APPEARANCES:

15
    For the People:              Scott W. Brower P44951
16                               Office of the Prosecuting Attorney
                                 227 West Michigan Avenue
17                               Kalamazoo, Michigan 49007
                                 (269) 383-8900
18
    For the Defendant:           Andis Svikis P36039
19                               1803 Whites Road
                                 Kalamazoo, Michigan 49008
20                               (269) 349-7692

21

22  Recorded by:                 Video recorded

23  Transcribed by:              Brenda K. Foley CER 4956
                                 1400 Gull Road
24                               Kalamazoo, Michigan 49048
                                 (269) 385-6001
25                                   * * * * *

                        688



FILED
JUL 0 1 2005
8th JUDICIAL CIRCUIT
COUNTY OF KALAMAZOO
KALAMAZOO, MICHIGAN

ENTERED

1                              TABLE OF CONTENTS

2    WITNESSES                                                        PAGE

3          None

4

5    EXHIBITS

6          None

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

689

(Tape No. B2004-037, 6-23-04, 15:32)

1   Kalamazoo, Michigan

2   Wednesday, June 23, 2004 - 3:32 p.m.

3   THE COURT:   The record should reflect that both

4   counsel are present with the defendant and the jury.

5   And, again, the jury has sent a communication to the

6   Court dated this date at 2:51 p.m. and indicates that after

7   careful deliberation we, the jury, have reached an impasse; we

8   are still unable to reach a unanimous decision.

9   As I told you previously, you know, this is an

10  important case.  It's a case that's been pending some—a very

11  long period of time.

12  Up to this point you've deliberated for about

13  15 hours, according to my calculations; and that's not an

14  inordinate or an overly long period of time for a case of this

15  magnitude.

16  And I guess the question I might put to you in this

17  respect is do you believe that the impasse has been reached

18  because there's some disagreement about what a particular

19  witness may or may not have testified to?  Because if that's

20  the case, we can let you review that testimony if you wish to

21  try and resolve that.

22  So I guess I'd ask you to—to go back to the jury

23  room and talk that suggestion over and see if there's

24  something along those lines that might help you reach an

25  agreement in this matter.

690

1        So once you've done that, why don't you send—or

2   signal the court officer and let her know and me know whether

3   you think there's something along those lines that would be

4   helpful to you if you reviewed that particular witness 'cause

5   that can be made available to you to help resolve any type of

6   disagreement you might have of that nature if, in fact, that's

7   what's important or significant in respect to any impasse that

8   you have.

9        So we'll take a recess.  Send a note to the court

10  officer/bailiff when you've—after you've discussed it and made

11  a determination along those lines.  After I have your answer

12  to that, then I'll make a determination as to what should be

13  done at this point.

14              (At 3:35 p.m., jury exits courtroom to resume

15              deliberations)

16       Anything you want to put on the record—

17       MR. SVIKIS:   Yes—

18       THE COURT:   —or any objection?

19       MR. SVIKIS:   Yes, your Honor, I would.

20       THE COURT:   Go ahead.

21       Be seated.

22       MR. SVIKIS:   Your Honor, as the Court is aware,

23  there was a discussion in chambers of—of suggestion to the

24  jury to see if—what they could come up with, if there's

25  something else they wish to see.  I would—I can put on my

691

1    objection at this time that—that requesting that would be

2    infringing upon the jury.

3         And even if they did come back—which—which I don't

4    know.  If they do come back, request some particular

5    testimony, it would provide a double dose of that testimony.

6    And because it would be on videotape it would focus in in a

7    much different manner than live testimony and be giving it

8    twice.

9         The other side of that coin is this is a case where

10   there is just as much lack of testimony and physical evidence

11   and there's no way to present that lack of physical evidence

12   or lack of testimony to balance out a viewing of particular

13   testimony that happened to be available on tape today.

14        And for that reason I would—I would stand with the

15   issue that if they—if they are still at an impasse and hung

16   that this case be determined a mistrial.  So that would be my

17   view on the matter.

18        THE COURT:   Mr. Brower, do you have any response

19   you wish to place on the record?

20        MR. BROWER:   Your Honor, the People believe that

21   the judge's—the Court's statement to the jury was both proper

22   and appropriate under the circumstances.  It did not highlight

23   or suggest any particular testimony; and, for that matter,

24   doesn't even recommend that they review any testimony, only

25   that that is an option that they could consider if they choose

1    to.

2         I believe that that does not unduly point out any

3    witness's testimony.  It is completely within the jury's

4    discretion.

5         THE COURT:    In respect to the suggestion by the

6    defense that a mistrial be called at this time because of the

7    impasse, I stand on the statement that the Court made to the

8    jury.  Because of the nature and importance of this case, the

9    length of time the trial took, and the fact that it appears to

10   me that at best they have deliberated for a period of

11   approximately 15 hours.  That's not an inordinately long

12   period of time for a case of this nature and of this

13   magnitude.

14        Certainly when you have 12 people that must reach a

15   unanimous verdict and under the circumstances and the

16   circumstances that exist in this case, I don't feel that

17   deliberating over a period of, at best, a couple of workdays

18   is unduly compelling on the Court to determine that—that it's

19   manifestly necessary to abort this trial and declare it a

20   mistrial.

21        Secondly, what the Court has suggested to the jury,

22   in the Court's opinion—Of course, I was the one that made the

23   suggestion.—but it's substantively neutral.  It doesn't

24   suggest to them anything at all.  It doesn't even suggest to

25   them that they look at any tapes.  It just makes them aware

                              693

1    that that is an option.

2           And certainly if a jury requests that testimony from

3    the trial be made available to them for their review, while

4    the Court can urge the jury to use their collective memories

5    to recall it, the Court can't absolutely refuse it—ever.

6    That's grounds for reversible error if the Court were to do

7    that.

8           And as I said, I tried to phrase and point out to

9    the jury that that was available to them but in a

10   substantively neutral manner.

11          So I understand the concern of the defense, but I

12   feel that it is appropriate under the circumstances of this

13   case.

14          Your objection is noted, Mr. Svikis—

15          MR. SVIKIS:   Thank you, your Honor.

16          THE COURT:   —preserved for the record.

17          MR. SVIKIS:   That was—That was the point of it.

18          THE COURT:   I understand that.  But it's denied.

19          So we'll take a recess, see what the jury tells us.

20          (At 3:42 p.m., court recessed)

21          (At 4:13 p.m., proceedings reconvened)

22          I believe I showed the response of the jury to both

23   counsel, didn't I?

24          MR. SVIKIS:   Yes, your Honor.

25          MR. BROWER:   Yes, your Honor.

694

1          THE COURT:    I'm not sure that I had, but I thought

2     I had.

3          In substance, the record should reflect that both

4     parties are present—or both counsel are present, defendant's

5     present with the jury being present.

6          And the jury has communicated with the Court and

7     indicated in substance.   I'm not going to read the note, but

8     they don't feel that reviewing anybody's testimony or a

9     transcript or video of it would be helpful to their current

10    impasse.

11         And what I'm going to do, members of the jury—As I

12    indicated, I'm satisfied that you understand the importance of

13    this matter.   But as I said, at this point you have

14    deliberated for approximately 15 hours as far as I can

15    determine.

16         I'm going to recess this matter at this time for you

17    until tomorrow.   But I'm going to ask you to come back here

18    tomorrow and continue your attempts to reach an agreement in

19    this matter.   Because, as I said—I've already told you the

20    reasons, and there's no reason for me to report [sic]—repeat

21    them for you.

22         What I said to you last night, do again tonight.   Go

23    home, relax, forget about this, and start anew tomorrow.

24         Don't look at any media or listen to any media or

25    read any media reports regarding this matter.

695

1           Have no contact with anyone involved in the matter.

2           And please report back here tomorrow morning at

3    9:00 a.m.  And then at that time if I want to give you some

4    further instructions I will do so then.  However, don't

5    commence any deliberations until you're told to do so.

6           So we'll stand in recess until tomorrow morning at

7    9:00 a.m.

8           (At 4:15 p.m., proceedings adjourned)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25